IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LEO DESANTIS,

     Plaintiff,                                    No. CIV S-07-1964 MCE EFB PS

    vs.

IYESHA NICOLE STEWART, et al.,       <u>ORDER</u>

     Defendants.

_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff initiated this action by filing a complaint on September 20, 2007. On November 5, 2007, the court ordered plaintiff to either pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP").

       Plaintiff complied with that order by filing an IFP application. It includes the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed IFP will be granted. 28 U.S.C. § 1915(a).

       Determining that plaintiff may proceed IFP does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

1

state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).

The complaint lodged by plaintiff fails to comply with Rule 8 insofar as it is unclear which claims plaintiff alleges against each defendant. In sum, the complaint concerns an alleged traffic collision in Sacramento, California on February 24, 2006. Plaintiff alleges that on that date, he was leaving the parking lot of the Carol Miller Justice Center to go to work when he was hit from behind by another vehicle and injured. *See* Compl., at 5-6.

Plaintiff alleges that Iyesha Nicole Stewart, a "legal assistant employee for Sacramento D.A.'s Office," was driving the vehicle that hit his car, and the vehicle was a Sacramento County vehicle. Plaintiff alleges that after the accident, Ms. Stewart called the supervisor of the Sacramento District Attorney's Office, while he called the police. Both arrived on the scene. The supervisor gave plaintiff his card and told him the county was "self-insured." Plaintiff told the police he needed to see a doctor, and alleges that the police refused to call the paramedics. Plaintiff alleges he felt intimidated and discriminated by the supervisor and the police. He alleges that the police refused to call an ambulance based on his "poverty," and their "deliberate indifference to [his] serious injuries." Compl., ¶ 13. Plaintiff alleges that his injuries resulted in

disabling pain, and that he became unable to work as a result thereof. Based on the alleged complaint, it is unclear whether plaintiff means to include claims against the police, the supervisor, or merely against Ms. Stewart and Sacramento County.

Plaintiff alleges jurisdiction on the basis of 42 U.S.C. §§ 1981, 1983 and 1985(2),(3), and asserts claims pursuant to the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that defendants Stewart and the County of Sacramento acted in their official capacities in causing the accident and in refusing to provide him with medical care.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Although plaintiff alleges that the named defendants acted under color of law, it is unclear which federal constitutional or statutory right they are claimed to have violated. To the extent he seeks to assert a claim under the Eighth Amendment, he cannot do so. The Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction and sentence. *Graham v. Connor*, 490 U.S. 386, 393 (1989); *Ingraham v. Wright*, 430 U.S. 651, 671, n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Here, plaintiff makes no allegations regarding a conviction, sentence or confinement. His claims are limited to alleged injuries resulting from a traffic accident.

Plaintiff also appears to invoke the Fifth Amendment as a basis for his claim, alleging "destruction of car property without due process or just compensation." Compl., at 5. To state a claim for violation of plaintiff's due process rights under the Fifth Amendment, a plaintiff must allege that the defendants are federal actors. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S. 221, 227 (1981)). Plaintiff alleges that defendants are county, rather than federal, actors, and thus fails to state a claim under the Fifth Amendment.

1    Plaintiff also alleges a claim under the Fourteenth Amendment, asserting "discrimination,
2 retaliation, intimidation, and right to due process and equal protection under the law." Compl.,
3 at 5.
4    Based on plaintiff's allegations, he appears to allege that he was treated disparately based
5 on his economic status. *See* Compl., ¶¶ 12-14. To state a claim for a violation of equal
6 protection, a plaintiff must show that the defendants acted with an intent or purpose to
7 discriminate against the plaintiff based upon membership in a protected class. *Barren v.*
8 *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Buckley v. Valeo*, 424 U.S. 1, 93 (1976).
9 Assuming plaintiff is indeed poor, as his IFP application asserts, "poverty, standing alone, is not
10 a suspect classification." *Harris v. McRae*, 448 U.S. 297, 323 (1980).
11    Plaintiff likewise fails to state a claim under §1985. Section 1985 proscribes conspiracies
12 to interfere with civil rights. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990);
13 *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).
14    To state a claim for conspiracy under § 1985(3), a plaintiff must allege (1) a conspiracy,
15 (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal
16 privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of
17 the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or
18 privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).
19 Further, a plaintiff must allege that some racial, or class-based, invidiously discriminatory
20 animus lay behind the conspirators' action. *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002)
21 (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68, (1993)) (internal
22 citations and quotations omitted).
23    Here, plaintiff fails to allege a conspiracy between the defendants, let alone one that was
24 aimed at interfering with his constitutional rights. *Butler*, 281 F.3d at 1028. Further, section
25 1985 applies only to cases of discrimination against suspect or quasi-suspect classes, or against
26 groups that have been afforded special federal protection of their civil rights, and does not apply

4

to cases of discrimination based upon economic status. *See In Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985). Thus, plaintiff fails to state a claim under § 1985.

To state a claim under § 1981, plaintiff must allege racial animus on the part of the defendants. *Evans v. McKay*, 869 F.2d 1341, 1345 (9th Cir. 1989). Plaintiff has failed to do so, and thus fails to state a claim under that statute.

To the extent plaintiff seeks to state a state law tort claim for personal injuries and property damage, that action cannot be maintained absent allegations establishing this court's jurisdiction. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).

To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Because plaintiff has failed to state a claim under any federal statute, and has not alleged facts establishing diversity, this case must be dismissed. The court will nonetheless grant plaintiff leave to file an amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

5

1  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
2  their complaints). Should plaintiff choose to file an amended complaint, he shall identify each
3  defendant in both the caption and the body of the amended complaint, and clearly set forth the
4  allegations against each such defendant.

5  Plaintiff is further informed that, should he file an amended complaint, the court cannot
6  refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220
7  requires that an amended complaint be complete in itself. This is because, as a general rule, an
8  amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th
9  Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves
10 any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the
11 original complaint which are not alleged in the amended complaint," *London v. Coopers &
12 Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint
13 are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

14 The court also notes that plaintiff has requested, by separate filing, copies from the case
15 file. Plaintiff is advised that the court does not provide copies for any party. The court will,
16 however, provide copies of dockets at $.50 per page. Checks in the exact amount should be
17 made payable to "Clerk, USDC." Status as an IFP plaintiff does not relieve a party of the cost of
18 copies. Accordingly, plaintiff's December 6, 2007, request for documents is denied.

19 Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
20 Procedure, this court's Local Rules, or any court order may result in a recommendation that this
21 action be dismissed. *See* Local Rule 11-110.

22 Accordingly, IT IS ORDERED that:

23 1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

24 2. Plaintiff's complaint is dismissed with leave to amend; and,

25 3. Plaintiff is granted thirty days from the date of service of this order to file an amended
26 complaint. The amended complaint must bear the docket number assigned to this case and must

6

be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: April 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE